**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

EFRAIN RODRIGUEZ, as spouse
and personal representative of the
Estate of NORMA RODRIGUEZ,
deceased,

    Plaintiff,

v.                                                      Case No:  5:15-cv-378-Oc-30PRL

HEART OF FLORIDA HEALTH
CENTER, INC., and AMELIA
MIULEN LEY, M.D.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the United States' Motion to Substitute United States as Defendant and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5) and Plaintiff's response in opposition thereto (Doc. 7).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that the United States' motion should be granted.

## BACKGROUND

Plaintiff, as personal representative of the Estate of Norma Rodriguez, commenced this action against Heart of Florida Health Center, Inc. ("Heart of Florida") and Dr. Amelia Miulen Ley (collectively "Defendants") in the Fifth Judicial Circuit in and for Marion County, Florida, alleging claims for medical malpractice and loss of consortium. Plaintiff's

wife, Norma Rodriguez, was treated at Heart of Florida by Dr. Ley. Plaintiff alleges that Mrs. Rodriguez received a significantly-delayed diagnosis of cancer due to Defendants' negligence which caused bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, diminishment of capacity for the enjoyment of life, expensive hospitalization, medical, and nursing care and treatment, and death. Defendants removed the action to this Court on July 28, 2015.

By its present motion, the United States contends that Heart of Florida is a federally supported health center, and, therefore, Heart of Florida and Dr. Ley, as a full-time employee of Heart of Florida, are immune from suit. (Doc. 5). Instead, the United States asserts that it should be substituted as the proper defendant. Once it is substituted as the defendant, the United States argues that Plaintiff's exclusive remedy is a claim under the Federal Tort Claims Act ("FTCA") and that Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.

## DISCUSSION

**A. Substitution of the United States as Proper Defendant**

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(a), the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, is the exclusive remedy for bringing a tort claim against a federally supported health facility and its employees. The FTCA waives the United States' sovereign immunity for claims for monetary damages in regard to claims for personal injury or wrongful death caused by the negligent act of any United States' employee while that employee was acting within the course and scope of

2

his or her office or employment, under circumstances where the United States, if a private person, would be liable. 28 U.S.C. § 1346(b)(1).

The United States asserts that Heart of Florida is a federally supported health center and that Dr. Ley is a full-time employee of Heart of Florida. (Doc. 5, Exs. 1-5). The United States, through United States Attorney A. Lee Bentley, III, also certifies that Defendants were acting within the scope of their employment at the time of the incident involving Norma Rodriguez from which Plaintiff's claims arise.[1] (Doc. 5, Ex. 5). Thus, according to the United States, Heart of Florida and Dr. Ley are deemed employees of the United States, and the FTCA provides the exclusive remedy for their allegedly negligent conduct. In his response to the United States' motion, Plaintiff does not dispute that Heart of Florida is a federally supported health facility subject to the FSHCAA and that Defendants are therefore deemed employees of the United States.

Under the FSHCAA, the United States is the proper defendant in this action; therefore, the United States' motion to substitute should be granted.

## B. Plaintiff's Failure to Exhaust Administrative Remedies

Because the United States is the proper defendant in this action, the FTCA is Plaintiff's exclusive remedy. Under the FTCA,

---

[1] Section 233(c) provides that

> [u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

3

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The FTCA provides a limited waiver of sovereign immunity; thus, failure to comply with the exhaustion requirement of § 2675(a) is jurisdictional in nature. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (stating that the "notice requirement of . . . § 2675 is jurisdictional and cannot be waived" (internal quotation marks omitted)). In other words, a court lacks subject matter jurisdiction to consider a claim under the FTCA if a plaintiff does not comply with § 2675(a). The government cannot waive this jurisdictional requirement. *See Barnett*, 283 F.3d at 1237.

Plaintiff essentially admits that he did not comply with § 2675 because he did not provide notice of his claims to the "appropriate Federal agency" until June 19, 2015. (Doc. 7). Rather Plaintiff asserts that he provided Defendants notice as required under Florida Statutes regarding medical malpractice claims and that Defendants failed to respond to Plaintiff's notices. Because Defendants did not respond to Plaintiff's notices, he argues that Defendants waived the requirement that Plaintiff exhaust his administrative remedies before instituting the present action under § 2675. Plaintiff's argument is misplaced. Compliance with § 2675 is jurisdictional in nature, and it cannot be waived. *See Barnett*, 283 F.3d at 1237.

Because Plaintiff has not exhausted his administrative remedies, his claims, arising under the FTCA, should be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff may refile his claims provided he complies with the jurisdictional prerequisite of § 2675.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. The United States' Motion to Substitute United States as Defendant and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5) is GRANTED.

2. The United States is substituted as defendant in place of Heart of Florida Health Center, Inc. and Amelia Miulen Ley.

3. Plaintiff's complaint (Doc. 2) is DISMISSED without prejudice.

4. The Clerk is directed to terminate all pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record